Argued and submitted April 10, accused disbarred November 26, 1990, reconsideration
denied January 15, 1991

In re Complaint as to the Conduct of

# JOHN R. MILLER,
*Accused.*

## (OSB 86-99; SC S36625)

801 P2d 814

M. Chapin Milbank, Salem, argued the cause and filed the briefs for the accused.

Susan K. Roedl, Assistant Disciplinary Counsel, Oregon State Bar, Lake Oswego, argued the cause and filed the brief for the Oregon State Bar.

Before Peterson, Chief Justice, Carson, Gillette, Van Hoomissen, Fadeley, and Unis, Justices, and Graber, Justice pro tempore.

PER CURIAM

## PER CURIAM

John R. Miller is a lawyer charged with unethical conduct. The charges against the accused stem from his representation of the personal representative in the administration of an estate. The charges include violations of: (1) *former* DR 1-102(A)(5) (currently DR 1-102(A)(4)) (conduct prejudicial to the administration of justice);[1] (2) *former* DR 6-101(A)(3) (currently DR 6-101(B)) (neglecting a legal matter);[2] (3) *former* DR 1-102(A)(4) (currently DR 1-102(A)(3)) (conduct involving dishonesty);[3] (4) DR 7-102(A)(5) (knowingly making a false statement of law or fact);[4] and (5) DR 2-106(A) (entering agreement for illegal or clearly excessive fees).[5] We review *de novo*. The Trial Panel's findings and conclusions follow:

### "FINDINGS OF FACT

"The accused is admitted by the Supreme Court of the State of Oregon to practice law in this state and is a member of the Oregon State Bar, having his office in Polk County.

"On or about July 23, 1979, one Frank Hardy died testate in Marion County. Edward E. Sipes was nominated in the will as personal representative and he (Sipes) subsequently retained the accused to represent him in the administration of the Hardy Estate.

---

[1] DR 1-102(A)(4) provides:

"(A) It is professional misconduct for a lawyer to:

"* * * * *

"(4) Engage in conduct that is prejudicial to the administration of justice."

[2] DR 6-101(B) provides:

"A lawyer shall not neglect a legal matter entrusted to the lawyer."

[3] DR 1-102(A)(3) provides:

"It is professional misconduct for a lawyer to:

"* * * * *

"(3) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[4] DR 7-102(A)(5) provides:

"In the lawyer's representation of a client, a lawyer shall not:

"* * * * *

"(5) Knowingly make a false statement of law or fact."

[5] DR 2-106(A) provides:

"A lawyer shall not enter into an agreement for, charge or collect an illegal or clearly excessive fee."

"On or about August 8, 1979, the Hardy will was admitted to probate in Marion County. The estate had a value of $12,500 and consisted primarily of a mobile home and some death benefits.

"After undertaking to represent the personal representative, the accused failed to timely send the required notice and proof of service, thereof, of the information to the heirs of the Hardy Estate as required by ORS 113.145. In addition, the accused failed to timely file the inventory of the estate as required by ORS 113.165. Both of these delays were caused by the accused. The notice to interested persons and accompanying proof of service was not completed until 1984 and the inventory was not filed until 1985. The accused further failed to file required annual accountings for the estate for 5 separate years as required by ORS 116.083.

"In 1980 the accused received a notification of benefits from the Civil Service Retirement System pertaining to the deceased. The accused caused a delay of two years in final receipt by the estate of benefits due. A two-year delay also occurred in connection with group life insurance benefits due the estate. This delay was also caused by the accused.

"Final distribution and closure of the estate occurred in 1986. The delay between the time the probate petition was filed and the closing of the estate was caused by the accused.

"In 1985 the accused prepared a proposed final accounting for the estate, along with a proposed decree of final distribution. Included therein was a claim for $487.50 for 'costs' in connection with the preparation of estate tax returns. The accused represented to the personal representative that the 'costs' were necessary in connection with the preparation of estate tax returns. This representation was false when it was made by the accused and was known by the accused to be false. The 'costs' as represented by the accused, had not in fact been incurred by the accused as 'costs.'

"In the proposed final accounting and the proposed decree of distribution, the accused requested attorney's fees of $5,962.00 along with 'costs' of $487.50. The personal representative refused to approve the accused's fee application. Subsequently, the accused prepared a second proposed final accounting and decree of final distribution requesting attorney's fees of $3,300.00. This request was also refused by the personal representative. Ultimately, the court allowed the accused an attorney fee of $1,500.00.

## "CONCLUSIONS OF LAW

"First Cause of Complaint

"In its first cause of complaint the Oregon State Bar claims that the accused violated the following standards of professional conduct:

"1. Former DR 1-102(A)(5) and current DR 1-102(A)(4) of the Code of Professional Responsibility [conduct prejudicial to the administration of justice]; and

"2. Former DR 6-101(A)(3) and current DR 6-101(B) of the Code of Professional Responsibility [neglecting a legal matter].

"The accused clearly neglected a legal matter entrusted to him by failing to complete timely filings as required by Oregon Law in the Administration of Estates, and by neglecting to timely pursue the collection of retirement benefits and insurance proceeds due the estate. Considering the size of the estate and its lack of complexity, those delays were excessive and unwarranted. The delays and neglect are also found to be prejudicial to the administration of justice.

"The Bar failed to prove by clear and convincing evidence the allegations in its first cause of complaint relating to the filing of fiduciary tax returns.

"The accused is found guilty of violating the standards of professional conduct claimed by the Bar in its first cause of complaint.

"Second Cause of Complaint

"In his proposed final accounting and decree of distribution, the accused misrepresented a claim for 'costs' of $487.50. The accused had not incurred these 'costs' at the time he made the representation and the representation was false and known by the accused to be false when it was made.

"The Bar charged in its second cause of complaint that the accused violated the following standards of professional conduct:

"1. Former DR 1-102(A)(4) and current DR 1-102(A)(3) of the Code of Professional Responsibility [conduct involving dishonesty];

"2. Former DR 1-102(A)(5) and current DR 1-102(A)(4) of the Code of Professional Responsibility [conduct prejudicial to the administration of justice]; and

"3. Former and current DR 7-102(A)(5) of the Code of

Professional Responsibility [knowingly making a false statement of law or fact].

"The Trial Panel finds that the Bar has proven by clear and convincing evidence that the accused misrepresented to the personal representative his claim for 'costs' in connection with his legal work for the estate. The accused is found guilty of engaging in conduct prejudicial to the administration of justice as well as conduct involving misrepresentation and knowingly making false statements of law or fact during the course of his representation of a client.

"The Trial Panel finds that the Bar failed to carry its proof by clear and convincing evidence that the accused violated the standards of Professional Conduct as set forth in the Bar's second cause of complaint by double billing for his attorney fees.

"The accused is found guilty of violating the Standards of Professional Conduct claimed by the Bar in its second cause of complaint.

"Third Cause of Complaint

"For its third cause of complaint the Bar claims that the accused made false representations to the Marion County Circuit Court in a 1983 letter and in the final accounting and petition for a decree of final distribution of June 16, 1986. * * * [The complaint alleged violations of current DR 1-102(A)(3) (conduct involving dishonesty), current DR 102(A)(4) (conduct prejudicial to the administration of justice), and current DR 7-102(A)(5) (knowingly make false statement of law or fact).]

"* * * * *

"As to the Bar's Third Cause of Complaint, the Trial Board finds that the Bar failed to prove the allegations therein by clear and convincing evidence and the accused is therefore found not guilty with respect to the Third Cause of Complaint.

"Fourth Cause of Complaint

"In the Fourth Cause of Complaint, the Bar claims that the accused violated the following standards of Professional Conduct:

"1. Former and current DR 2-100(A) [sic: DR 2-106(A)] of the Code of Professional Responsibility [entering agreement for illegal or clearly excessive fees].

"The Trial Board finds that the accused charged and

attempted to collect an excessive fee for his legal work. The Bar has proven by clear and convincing evidence the allegations in the Fourth Cause of Complaint and the accused is found guilty thereof."

We agree with and adopt the Trial Panel's findings and conclusions, with one exception. The Trial Panel found the accused not guilty of the Third Cause — making false representations to the Marion County Circuit Court. We find that the accused made false representations to the Marion County Circuit Court in a 1983 letter.

On November 28, 1983, Marion County Presiding Judge Val Sloper wrote this letter to the accused:

"An examination of the above entitled probate matter indicates that the estate was admitted to probate and the Personal Representative appointed in August of 1979. Thereafter, and on February 25, 1980, an order was entered authorizing the sale of a mobile home which was apparently the sole asset of the estate. In the last three and one-half years, apparently nothing has been done.

"Please give this your immediate attention and take whatever steps necessary to see that this estate is promptly closed. If for some reason, it can't be closed, I will expect an explanation.

"I will expect to hear within 10 days."

On December 22, 1983, the accused replied to Judge Sloper:

"* * * The most difficult problem in the scope of this estate has been the obtaining of the life insurance benefits and this is the item that has been most recently accomplished. We had numerous applications that had to be filled out and these had to be sent to different branches throughout the United States."

In fact, the Federal Employee Group Life Insurance Company wrote to the accused on six occasions between August 18, 1980 and July 20, 1982, requesting a completed claim application for death benefits. The accused sent in the completed materials on August 10, 1982. The insurance proceeds were received in February 1983, over 10 months before the accused's letter was written.

In his letter to Judge Sloper, the accused stated that obtaining the life insurance proceeds was "[t]he most difficult problem in the scope of this estate." The accused intended

that Judge Sloper conclude that the nonreceipt of the insurance proceeds resulted from some unspecified problems incident to the claim against the insurance company. In truth, the only problem in obtaining the life insurance proceeds was the accused's inexcusable delay in completing the applications.

We find the accused's December 22, 1983 letter to be a knowing and false representation to the circuit court, in violation of DR 1-102(A)(3) and DR 7-102(A)(5).

We next decide the appropriate sanction. This court previously has stated that, on appropriate occasions, we will look to *Standards for Imposing Lawyer Sanctions,* American Bar Association, 1986, for guidance in disciplining lawyers. *In re Recker,* 309 Or 633, 639, 789 P2d 663 (1990). Section 4.4 of those Standards provides in part:

> "Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving a failure to act with reasonable diligence and promptness in representing a client:
>
> "* * * * *
>
> "4.42. Suspension is generally appropriate when:
>
> "(a)   a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or
>
> "(b)   a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.
>
> "* * * * *"

Section 6.1 of the Standards provides in part:

> "Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving conduct that is prejudicial to the administration of justice or that involves dishonesty, fraud, deceit, or misrepresentation to a court:
>
> "6.11 Disbarment is generally appropriate when a lawyer, with the intent to deceive the court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding.
>
> "* * * * *

"6.12 Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

"\* \* \* \* \*"

Concerning violations of Chapter 7 of the Disciplinary Rules, section 7.2 of the Standards provides:

"Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system."

We find that the accused's persistent lack of diligence resulted in a significant delay in closing the estate and distributing estate assets to those who were entitled to them. That delay caused injury to his client. In addition, the accused knowingly made false representations to the circuit court and to his client that caused potential injury to the estate. Also, he charged and attempted to collect an excessive fee.

The accused has been disciplined on two earlier occasions. In *In re Miller,* 287 Or 621, 687 P2d 789 (1979), he was reprimanded for failing to advise persons making security deposits in criminal cases that the monies would be refunded to the defendant, and not to them, and further, for failing to advise persons making security deposits on behalf of a defendant that the monies could be used to pay his attorney fees, thereby increasing the fee over what he would have obtained as a court-appointed lawyer. We found that he had "engaged in conduct involving dishonesty, fraud, deceit or misrepresentation." 287 Or at 629. In *In re Miller,* 1 DB Rptr 186 (1986), the accused was reprimanded for undertaking multiple representation of clients with conflicting interests without first having obtained the clients' consent, in violation of DR 5-105(A)-(C).

The conduct of the accused in the instant case alone justifies a long suspension. Adding to it the serious misconduct involved in the two previous disciplinary cases, we conclude that the accused should be disbarred.

Accused disbarred. Costs to Oregon State Bar.